UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:18-cv-00149-FDW-DSC

| | |
|---|---|
| WILLIAM PENLAND,<br>    Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration,<br>    Defendant. | ORDER |

THIS MATTER is before the Court upon Plaintiff's Motion for Summary Judgment, (Doc. No. 9) and Defendant's Motion for Summary Judgment, (Doc. No. 11) and the Memorandum and Recommendation of Magistrate Judge David S. Cayer. (Doc. No. 14) (hereinafter, "M&R"). For the reasons set forth below, the Court ACCEPTS and ADOPTS the M&R, GRANTS Plaintiff's Motion for Summary Judgment, and DENIES Defendant's Motion for Summary Judgment. The Commissioner's decision is REVERSED AND REMANDED for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g).

The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Canby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). "By contrast, in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Here, the M&R, signed January 15, 2019, informed the parties of the time for appeal, noting that

"[P]ursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of [the M&R]." (Doc. No. 14, p. 6). The M&R cautioned, "[F]ailure to file timely objections will also preclude the parties from raising such objections on appeal." Id. at 7 (citations omitted). No party filed an objection to any portions of the M&R, and the time for doing so has long expired.

Accordingly, after a careful review of the record in this case, the Court finds no clear error on the face of the M&R. The Magistrate Judge's findings of fact are supported by the record, and his conclusions of law are consistent with and supported by current case law. Thus, the Memorandum and Recommendation (Doc. No. 14) is hereby ACCEPTED and ADOPTED, Plaintiff's Motion for Summary Judgment (Doc. No. 9) is hereby GRANTED, and Defendant's Motion for Summary Judgment (Doc. No. 11) is hereby DENIED. The Commissioner's decision is REVERSED[1] AND REMANDED pursuant to this Order adopting the M&R. The Clerk's Office is directed to CLOSE THE CASE.

IT IS SO ORDERED.

Signed: June 6, 2019

Frank D. Whitney
Chief United States District Judge

---

[1] In reversing the Commissioner's decision, as noted above, the Court expresses no opinion on the merits of Plaintiff's claim for disability, and the Court expressly provides that an order of "reversal" here does not mandate a finding of disability on remand. The Court finds the ALJ's decision deficient for the reasons stated herein, and consequently, that decision as written cannot stand. "'The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision[.]'" Raney v. Berryhill, No. 3:16-CV-3256-BT, 2018 WL 1305606, at *4 (N.D. Tex. Mar. 12, 2018) (quoting Newton v. Apfel, 209 F.3d 448, 455 (5th Cir. 2000) (citing Knipe v. Heckler, 755 F.2d 141, 149 n.16 (10th Cir. 1985); Dong Sik Kwon v. Immigration & Naturalization Serv., 646 F.2d 909, 916 (5th Cir. 1981)); see also Cole v. Barnhart, 288 F.3d 149, 151 (5th Cir. 2002) ("It is well-established that [the Court] may only affirm the Commissioner's decision on the grounds which [s]he stated for doing so.").